GRAHAM W. DEAN v. CAROLINA COACH COMPANY, INC.

No. 7410SC643

(Filed 6 November 1974)

**Evidence § 50— expert medical opinion — incomplete hypothetical question**

In an action to recover damages for personal injuries sustained in a collision between plaintiff's automobile and defendant's bus, the trial court erred in allowing an expert witness to answer a hypothetical question concerning plaintiff's injury where the question did not refer to any pre-existing condition aside from the fact that there had been

Dean v. Coach Co.

a kidney stone operation and a hernia repair, but there was uncontradicted evidence that plaintiff had been to a doctor complaining of pain in the area in question about one month before the collision.

APPEAL by defendant from *McKinnon, Judge,* 18 February 1974 Session of Superior Court held in WAKE County. Heard in the Court of Appeals 25 September 1974.

This is a civil action seeking damages for personal injuries sustained in a collision between an automobile owned and operated by the plaintiff and a bus owned by and being operated on behalf of the defendant. Defendant, on appeal, concedes negligence and appeals only from the award of damages.

Plaintiff's evidence tended to show that he had a kidney stone operation in 1970 from which he was out of work for awhile and that in 1971 he had an operation to repair a hernia or rupture in the scar from the first operation; that he had recovered from these operations so that he was able to carry on his ordinary activities and trade as a bus driver and was generally in good condition prior to the collision; that in the collision he was thrown against the console part of his car and although he did not report any injury to the investigating officer or seek medical attention, by that night he had a swollen ankle, pain in his neck and shoulder and pain in the area where he had the previous operations. Further evidence introduced by the plaintiff tended to show that several months after the collision, one Dr. Webb examined and treated him and determined an operation was necessary for further repairing the area of the original operation; that Dr. Webb further determined plaintiff had a hernia and operated on him and treated him for some time in connection with the operation; that as a result of the collision plaintiff did not work from May until October of 1971 when he finally was permitted to return to work. Other evidence offered by the plaintiff tended to show that during this period during which he was not able to work he lost earnings in the amount of $6,756.75 and that in January and February of 1972 he again was out of work because of the injuries sustained in the collision for which there was an additional earning loss of some $1,006.44; that during the time he was not able to work he incurred medical bills, drug bills and expenses from several doctors in the amount of $1,283.80; that he had some pain and suffering throughout these periods at various times, depending upon his activities, and that he continues to the present time to have some difficulty with his neck and side. At the trial it

was plaintiff's contention that all of these damages, or a substantial part of them, directly and naturally resulted from the collision and the negligence of the defendant.

Defendant contended that there was a substantial pre-existing injury or condition in the form of an operation which had not been repaired satisfactorily or which had failed to heal properly the first time plaintiff underwent surgery. This evidence tended to show that plaintiff had reported to the doctor a month before the collision that he was having trouble with his side and at that time it was suggested plaintiff wear a corset for support. It was defendant's contention that the evidence offered by the plaintiff did not support a finding that plaintiff's trouble with his side resulted from the collision. Defendant argued that some small amount of damages, consistent with plaintiff's neck and shoulder injuries and his swollen ankle would be adequate compensation and that is all the evidence justifies in this case.

Additional facts necessary for decision are set forth in the opinion.

*Teague, Johnson, Patterson, Dilthey and Clay, by Grady S. Patterson, Jr., for plaintiff appellee.*

*Smith, Anderson, Blount and Mitchell, by Samuel G. Thompson, for defendant appellant.*

MORRIS, Judge.

Defendant seeks a new trial on the issue of damages. He concedes that unless his third assignment of error is sustained, he is not entitled to such relief since other alleged errors in the record standing alone would not be sufficient to warrant a new trial.

Defendant's third assignment of error relates to a hypothetical question asked of Dr. Alexander Webb, Jr., one of plaintiff's physicians. The question posed was as follows:

"If the jury should find from the evidence that is the competent evidence, and by its greater weight that on May 13th, 1971, plaintiff Graham W. Dean was employed as a bus operator for defendant Carolina Coach Company and that at said time was able to operate the bus without any pain or difficulty; that prior to May 13th, 1971, he on June 18, 1970, underwent surgery for removal of kidney stones

Dean v. Coach Co.

and thereafter in February, 1971, another surgical pro-
cedure for the repair of a hernia; that he was certified as
being able to return to work by Dr. Donald Whitaker on
March 31st, 1971, and that he was involved in this accident
on May 13th, 1971, and at that time was complaining of
no pain and immediately after the accident he had pain
in his right ankle, right clavicle area, cervical neck strain
and pain in the abdomen in the area of the post-operative
area, if the jury should find these facts to be true, do you
have an opinion based upon reasonable medical certainty
as to whether or not the accident of May 13, 1971, could or
might have aggravated the pre-existing condition, that is
the pre-existing surgical procedures, could or might have
aggravated that condition and resulted in the necessary
treatment that you gave him?"

Over objection by the defendant, Dr. Webb was permitted to
respond to this question in the affirmative and to express sev-
eral opinions concerning plaintiff's injuries. Defendant contends
this was prejudicial error since Dr. Webb was allowed to express
his expert opinions based on an incomplete and factually errone-
ous hypothetical question. We agree.

It is clear from the testimony of Dr. Whitaker as well as
from the testimony of the plaintiff himself that the hernia had
re-occurred some 30 days before the accident and was causing
the plaintiff sufficient pain for him to seek medical assistance.
No mention is made of these facts in the hypothetical question
asked of Dr. Webb. This we find to be error.

"It is customary to incorporate in a hypothetical question
the revelant facts in evidence which counsel hopes will be
accepted as true by the jury, and to ask the witness his
opinion based on such facts *if* the jury shall believe them
to be facts. In framing a hypothetical question the follow-
ing cautions should be observed:

1. Include only such facts as are in evidence or such as
the jury will be justified in inferring from the evidence. It
is not enough that the missing facts are expected to be sup-
plied later.

2. *Include all the material facts which will be necessary to
enable the witness to form a satisfactory opinion. Although
it is not necessary to incorporate all of the facts, the trial
judge may properly exclude the witness's answer if the*

*question presents a picture so incomplete that an opinion based upon it would obviously be unreliable. . . . " (Emphasis supplied.) 1 Stansbury, N. C. Evidence 2d, pp. 451-452, § 137, (Brandis Rev. 1973).*

In the case at bar, the hypothetical question was factually erroneous and improper. The question does not refer to any "pre-existing" condition aside from the fact that there had been a kidney stone operation on 18 June 1970, and a hernia repair in February 1971. The other facts presuppose that the plaintiff was having absolutely no problem in the hernia area prior to the accident in spite of the uncontradicted evidence that he went to Dr. Whitaker complaining of pain in this area about one month before the collision. The omission of these facts from the hypothetical question resulted in the presentation of "a picture so incomplete" that an opinion based upon it was misleading to the jury and obviously unreliable. This was prejudicial error.

We find it unnecessary to address ourselves to other assignments of error presented by the defendant since, for the reasons assigned, we conclude he is entitled to a new trial on the issue of damages.

New trial on damages only.

Chief Judge BROCK and Judge MARTIN concur.